**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-1464**

───────────

WELLS FARGO ADVISORS, LLC,

                Claimant - Appellee,

     v.

CLIFFORD JOHN WATTS,

                Respondent - Appellant.

───────────

**No. 12-1484**

───────────

WELLS FARGO ADVISORS, LLC,

                Claimant - Appellant,

     v.

CLIFFORD JOHN WATTS,

                Respondent - Appellee.

───────────

Appeals from the United States District Court for the Western District of North Carolina, at Statesville.  Max O. Cogburn, Jr., District Judge.  (5:11-cv-00048-MOC-DLH)

───────────

Submitted:  July 29, 2013          Decided:  October 1, 2013

───────────

Before MOTZ and DIAZ, Circuit Judges, and John A. GIBNEY, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

_____

Affirmed in part; reversed and remanded in part by unpublished per curiam opinion.

_____

Matthew K. Rogers, LAW OFFICE OF MATTHEW K. ROGERS, PLLC, Hickory, North Carolina, for Appellant/Cross-Appellee. Charles E. Raynal, Matthew H. Mall, PARKER POE ADAMS & BERNSTEIN, LLP, Raleigh, North Carolina, for Appellee/Cross-Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifford John Watts ("Watts"), a former employee of Wells Fargo Advisors, LLC ("Wells Fargo"), appeals a judgment of the district court enforcing an arbitration award against him. Wells Fargo cross-appeals the district court's refusal to enforce the arbitrator's award of attorneys' fees to it. We affirm in part and reverse and remand in part.

I.

In October 2007, Watts signed a retention bonus agreement providing that he would receive a bonus of $306,726 from Wells Fargo's predecessor, Wachovia, to be paid in monthly installments. The same day, Watts also signed a promissory note allowing him to receive his full bonus upfront as a "loan" and repay the loan in monthly installments, which the monthly bonus payments would offset. The retention bonus agreement and promissory note explained that, should Watts terminate his employment, he would stop receiving bonus payments and would be liable to pay the amount outstanding on his loan. Both agreements also included clauses designating arbitration as the "exclusive remedy" for adjudicating disputes arising out of the agreements.

In July 2009, Watts resigned from Wells Fargo. Approximately $237,000 remained unpaid on the promissory note.

3

Wells Fargo moved to collect the balance from Watts. When he refused to pay, Wells Fargo initiated an arbitration proceeding. The arbitration panel enforced the note, entering an award in favor of Wells Fargo. Relying on a provision in the note stating that Watts "agree[d] to pay . . . without limitation, reasonable attorneys' fees," the arbitrators also granted Wells Fargo attorneys' fees in the amount of $60,480.25.

Watts moved to vacate the arbitration award -- including both the unpaid balance and the attorneys' fees award. Wells Fargo moved to confirm the full award. As to the unpaid balance, the district court denied Watts' motion to vacate and granted Wells Fargo's motion to confirm. But, as to the attorneys' fees, the district court vacated the award on the ground that the arbitration panel had not articulated "any analysis whatsoever" to explain the amount of the award. This appeal and cross-appeal followed.

II.

We review a district court's legal conclusions de novo. MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010). But "[o]ur authority to review the arbitration award[] at issue, like the authority of the district court to do the same, is substantially circumscribed." Id. (internal quotation marks omitted). In fact, "the scope of judicial

4

review for an arbitrator's decision is among the narrowest known at law." Id. (internal quotation marks omitted). "In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act (the 'FAA') or one of certain limited common law grounds." Id.

The very limited statutory grounds for vacating an arbitration award are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct . . . ; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). The equally circumscribed common-law grounds may "include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." MCI Constructors, 610 F.3d at 857 (internal quotation marks omitted).

## III.

Watts presents no basis for vacating any portion of the arbitration award covering the unpaid balance on the promissory note. As the district court properly held, Watts failed to

5

offer any particularized support for his argument that Wells Fargo somehow engaged in fraud, corruption, or undue means in procuring its award, including in its conduct during discovery. Watts similarly failed to provide any particularized support for his argument that the arbitrators engaged in any improprieties within the scope of the FAA. Further, he made no showing that the arbitrators engaged in "manifest disregard of the law," a "carefully circumscribed" concept that requires that "the arbitrator refused to heed" a "clearly defined" legal principle that is "not subject to reasonable debate." Wachovia Sec., LLC v. Brand, 671 F.3d 472, 483 (4th Cir. 2012) (internal quotation marks omitted).

Nor has Watts presented a basis for vacating this portion of the arbitration award on public policy grounds. Watts has offered no "well defined and dominant" public policy reason to refuse to enforce the retention bonus agreement or promissory note that is "ascertained by reference to law[] . . . and not from general considerations of supposed public interests." See W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber Workers, 461 U.S. 757, 766 (1983). This is no surprise. For there is no such reason. The bonus agreement and promissory note that the arbitrators enforced clearly explain the nature of the transaction Watts entered and are standard agreements in the industry that courts routinely uphold.

IV.

These same principles render the district court's holding vacating the arbitrators' award of attorneys' fees to Wells Fargo error.  A court must defer to the arbitrators' findings as to the appropriate amount of attorneys' fees.  The strict deference courts owe to arbitrators applies to <u>factual</u> findings as well as legal determinations.  <u>See</u> <u>Upshur Coals Corp. v. United Mine Workers, Dist. 31</u>, 933 F.2d 225, 229 (4th Cir. 1991).  Moreover, "[a]rbitration panels are not required to explain their decisions."  <u>MCI Constructors</u>, 610 F.3d at 859 n.6.  Thus, a court must defer to arbitrators' factual findings on attorneys' fees even if the arbitrators do not explain a basis for the precise amount.  This deference seems particularly appropriate in this case, given that the arbitrators awarded an attorneys' fees amount well below Wells Fargo's request and the district court made no findings as to the excessiveness of the award.

V.

Accordingly, we affirm the district court's denial of Watts' motion to vacate the arbitration award covering the unpaid balance on the promissory note and grant Wells Fargo's motion to confirm that award.  We reverse the district court's ruling vacating the arbitration panel's grant of attorneys'

7

fees.  We remand the case to the district court for entry of an order enforcing the attorneys' fees award.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>REVERSED AND REMANDED IN PART</u>